### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ARTHUR HARLEY, | ) |
| Plaintiff, | ) ) ) |
| v. | )   No. 04-CV-745-HDC-FHM |
| ALLSTATE INSURANCE COMPANY, | ) ) ) |
| Defendant. | ) |

## FINDINGS OF FACT & CONCLUSIONS OF LAW

This case came before the Court for non-jury trial on August 15-16, 2005. Plaintiff Arthur Harley brought this lawsuit against Defendant Allstate Insurance Company ("Allstate") for breach of contract in the District Court of Tulsa County, Oklahoma, case number CJ-2004-04116 on June 29, 2004. Defendant Allstate received Harley's response to a set of requests for admission on September 20, 2004 indicating that Harley sought damages in excess of $75,000, and thereafter Allstate removed the case to this Court on September 28, 2004. Jurisdiction is proper under 28 U.S.C. §§ 1332, 1441(b), and 1446(b).

## FINDINGS OF FACT

Based on the parties' stipulations and the evidence introduced at trial, the Court finds the following facts:

1. Allstate Insurance Company insured Arthur Harley's 1998 Wellcraft Scarab boat under Policy #0-95-898469-01/20.

2. Harley's insurance policy was in effect during the times relevant to this case.

3. Harley's insurance policy contained the following clause:

Concealment or Fraud

This policy is void if you intentionally conceal or misrepresent any material fact or circumstance, before or after loss. We do not cover any other insured person who has concealed or misrepresented any material fact or circumstance before or after the loss.

4. Harley purchased the boat under a financial arrangement with his friend, Lonnie Listenbee.

5. Under the financial arrangement, Harley gave Listenbee $20,000 to use as a down payment. Listenbee secured financing for the balance of $75,000 from National City Bank.

6. Listenbee actually purchased the boat for Harley and held the title.

7. Listenbee made regular payments to the bank, and Harley made regular payments to reimburse Listenbee.

8. By a bill of sale dated December 3, 2002, Listenbee transferred the boat to Harley, but retained the title as security.

9. At some point in the fall of 2003, Harley began storing his boat in David Silcher's barn.

10. While in Silcher's barn, vandals tore the entire top instrument panel from the boat's dashboard, leaving a large vacant space with wires protruding; this damage had not been repaired when Harley filed his claim.

11. As a result of the vandalism, Harley moved the boat from Silcher's barn to Jerry Martin's RV park in Broken Arrow, Oklahoma.

12. In November of 2003, Scott Johnson contacted Lonnie Listenbee to ask if Listenbee was missing a Scarab boat.

13. Listenbee told Johnson that he had sold a Scarab boat, but retained an interest in it and was unaware that it might be missing.

14. Johnson told Listenbee that a Scarab boat had been sitting at a truck stop in Billings, Oklahoma for approximately 3 weeks.

15. Listenbee attempted immediately to contact Harley, but could not reach Harley for three days.

16. Listenbee retrieved the boat from Billings, Oklahoma and brought it to his house.

17. Listenbee discovered a variety of damage to the boat, including the removal of the boat's engines.

18. Harley contacted the Broken Arrow Police Department, which recorded Harley's report of a theft; the theft report listed "gauges, dials, and controls" among the damage sustained.

19. Harley filed an "Affidavit of Boat Theft" with Allstate.

20. In the Affidavit of Boat Theft, Harley indicated that prior to the theft the boat was in "excellent" condition.

21. In response to a question on the Affidavit of Boat Theft that asked whether the boat had been damaged in the last 3 years, Harley did not list the damage sustained when the boat was in Silcher's barn.

22. In answer to a question posed during his Examination Under Oath as to why he kept his boat in Silcher's barn for a short period of time, Harley did not disclose the damage caused by the vandals.

23. Allstate denied Harley's insurance claim.

## CONCLUSIONS OF LAW

This case is decided upon the stipulations, the exhibits, and the credibility of the witnesses presented at trial. The facts regarding whether Harley made a material misrepresentation to Allstate are in dispute. Allstate presented its version of the facts, which the Court finds credible and supported by the evidence. Harley's version of the facts was less credible.

Harley's actions in representing on the Affidavit of Boat Theft that the boat was in excellent condition before the theft and failing to disclose the existing instrument panel damage in the Affidavit of Boat Theft and in his Examination Under Oath constitute material misrepresentations.

Denial of an insurance claim is a legally justifiable response to a material misrepresentation by an insured when the insurance contract contains a clause voiding the policy for fraud or concealment by the insured. *See United Servs. Auto. Ass'n v. McCants*, 944 P.2d 298, 300 (Okla. 1997).

Because Allstate acted within its legal rights when it denied Harley's claim, Harley has not established a right to recover damages from Allstate. Accordingly, it is the **ORDER** of the Court that judgment be entered on behalf of Defendant Allstate Insurance Company and against Plaintiff Arthur Harley.

**IT IS SO ORDERED** this 7th day of October, 2005.

HONORABLE H. DALE COOK
Senior United States District Judge